**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ROBERT RAINEY,**

                                 **Plaintiff,**

    vs.                                                             1:19-cv-956
                                                                               (MAD/ATB)

**COUNTY OF JEFFERSON; SHERIFF
COLLEEN O'NEILL,** *individually and in her
official capacity*; **C.O. MAULETT,** *individually
and in his official capacity*; *and* **DETECTIVE
PERRY GOLDEN,** *individually and in his
official capacity*,

                                 **Defendants.**

_____

**APPEARANCES:**                                       **OF COUNSEL:**

**ROBERT RAINEY**
C7370
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Robert Rainey commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") on August 5, 2019, by filing a form complaint alleging false imprisonment, illegal search, and impermissible postponement of an arraignment against Defendant Jefferson County. *See* Dkt. No. 1. Thereafter, Plaintiff filed an amended complaint, adding Sheriff Colleen O'Neill, C.O. Maulett, and Detective Perry Golden as Defendants and expanded on the factual allegations set

forth in his original complaint. *See* Dkt. No. 12. In light of his *in forma pauperis* status, the Court referred the amended complaint to Magistrate Judge Dancks for an initial review.

Upon review of the amended complaint, Magistrate Judge Dancks issued an Order Report-Recommendation on October 30, 2019, recommending that the Court require Defendant Golden respond to Plaintiff's claim of unreasonable pre-arraignment delay, and dismiss with prejudice all other claims and Defendants. *See* Dkt. No. 14 at 11. Currently before the Court is Magistrate Judge Dancks' October 30, 2019 Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having carefully reviewed the October 30, 2019 Order and Report-Recommendation, the Court finds that Magistrate Judge Dancks correctly determined that the only claim to survive initial review is Plaintiff's excessive pre-arraignment detention claim against Defendant Golden. Specifically, as to Plaintiff's Fourth Amendment illegal search claim, Magistrate Judge Dancks correctly determined that, pursuant to the Supreme Court's ruling in *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 328 (2012), Plaintiff's allegations do not give rise to a constitutional violation. *See* Dkt. No. 14 at 5-7. Further, Plaintiff's false arrest and

imprisonment claim must be dismissed because Plaintiff concedes that he was arrested pursuant to a sealed indictment and arrest warrant and Plaintiff does not challenge the validity of the warrant or the factual circumstances giving rise to the indictment. *See Martinetti v. Town of New Hartford*, 12 Fed. Appx. 29, 32 (2d Cir. 2001). Additionally, Magistrate Judge Dancks correctly found that Plaintiff's Thirteenth Amendment claim should be dismissed because Plaintiff fails to make any allegations regarding whether he was forced into labor or some other condition of servitude. *See United States v. Kozminski*, 487 U.S. 931, 952 (1988). Finally, Plaintiff's state law negligence claim must be dismissed because his conclusory references to "negligent" behavior are mere legal conclusions that fail to plausibly state a claim for negligence under state tort law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's October 30, 2019, Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice** as to Defendants Maullett, O'Neill, and Jefferson County; and the Court further

**ORDERS** that Defendant Golden is required to respond to Plaintiff's claim of unreasonable pre-arraignment delay; and the Court further

**ORDER** that the amended complaint (Dkt. No. 12) is accepted for filing as to Defendant Golden; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, for service upon the named Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 12, 2019
      Albany, New York