UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT RAINEY,

                            **Plaintiff,**

  vs.                                                      5:19-CV-956
                                                                       (MAD/TWD)

DETECTIVE PERRY GOLDEN, *individually and*
*in his official capacity*,

                            **Defendant.**

---

APPEARANCES:                                      OF COUNSEL:

ROBERT RAINEY
C7370
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601
Plaintiff *pro se*

SUGARMAN LAW FIRM LLP                PAUL V. MULLIN, ESQ.
211 West Jefferson Street                      BRITTANY LEE HANNAH, ESQ.
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On August 5, 2019, Plaintiff *pro se* Robert Rainey ("Plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action under 42 U.S.C. § 1983 alleging false imprisonment, illegal search, and impermissible postponement of an arraignment against Jefferson County. *See generally* Dkt. No. 1. Plaintiff subsequently filed an amended complaint, adding Sheriff Colleen O'Neill, C.O. Maulett, and Detective Perry Golden as Defendants. *See generally* Dkt. No. 12. On

December 12, 2019, this Court adopted the Order Report-Recommendation of Magistrate Judge Thérèse Wiley Dancks, requiring Defendant Detective Perry Golden ("Defendant") to respond to Plaintiff's claim of unreasonable pre-arraignment delay, and dismissing with prejudice all other claims and Defendants. *See generally* Dkt. No. 15.

On June 10, 2020, Defendant filed a motion to dismiss the amended complaint, arguing that the amended complaint must be dismissed because Plaintiff did not suffer a constitutional violation and is not entitled to any damages. *See generally* Dkt. No. 38-13. Plaintiff submitted his response to the Court on June 16, 2020, with Defendant's reply following on July 10, 2020. *See* Dkt. Nos. 42, 43.

## II. BACKGROUND

Construed liberally, Plaintiff asserts a claim against Defendant for an alleged unreasonable pre-arraignment delay. Specifically, Plaintiff contends that on May 2, 2019, he was at his parole office when a city police officer arrived, drove him to jail, and informed Plaintiff he arrested him pursuant to a sealed indictment. *See* Dkt. No. 10 at ¶¶ 8–9. Plaintiff alleges that he met Defendant in a fingerprinting room, whereupon Defendant and another police officer asked Plaintiff if he would be willing to work for them "setting people up by buying drugs from them." *See id.* Plaintiff declined, and contends that Defendant subsequently stated "he got something for me." *Id.* Plaintiff was then fingerprinted, and Defendant told a different police officer to take Plaintiff to jail. *See id.* Plaintiff asked Defendant about an arrest warrant and the sealed indictment, but was told to "take it up with [his] lawyer." *Id.* at ¶¶ 9–10. Plaintiff alleges that Defendant altered the date Plaintiff was arraigned "to try to cover up the illegality of the strip search and commitment." *Id.* at ¶ 10.

Defendant now moves to dismiss Plaintiff's amended complaint. *See* Dkt. No. 38-13. The merits of this motion will be addressed herein.

## III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556

U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss or motions for summary judgment. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

**B.      Excessive Pre-Arraignment Detention**

Defendant contends that Plaintiff's remaining claim should be dismissed with prejudice because Plaintiff did not suffer a constitutional violation and is not entitled to any damages. *See* Dkt. No. 38-13 at 2–5.

"States 'must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest.'" *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)). "A probable cause determination is not, however, required when the accused is arrested for criminal offenses charged in an indictment." *Brown v. City of New York*, No. 98 CV 3844, 2004 WL 2884306, *16 (S.D.N.Y. Dec. 10, 2004) (citing *Gerstein*, 420 U.S. at 117 n.19). "A properly convened grand jury's determination to indict an individual 'conclusively determines the existence of probable cause,' and such a determination alone serves as a sufficient basis to detain an individual in lieu of a judicial determination." *Id.* (quoting *Gerstein*, 420 U.S. at 117 n.19). "The focus in a § 1983 claim for wrongful detention is not the basis for the arrest, but rather the circumstances surrounding the custodial detention following that arrest." *Id.* (citing *Sivard v. Pulaski County I*, 959 F.2d 662, 665 (7th Cir. 1992)).

Plaintiff was arrested the morning of May 2, 2019 around 9:00 am, pursuant to a sealed indictment and warrant, which were issued with a presumption of probable cause. *See* Dkt. No. 38-5 at ¶¶ 3–7; Dkt. Nos. 38-6, 38-7, 38-8, 38-9. Plaintiff was subsequently arraigned on the morning of May 3, 2019. *See* Dkt. No. 38-5 at ¶ 10; Dkt. Nos. 38-10, 38-11. As Plaintiff was arrested pursuant to an indictment, no probable cause determination was required; as such, Plaintiff was properly detained from the time of his arrest. *See, e.g.*, *Brown*, 2004 WL 2884306, at *16 ("Since no probable cause determination is required when an individual is charged in an indictment, plaintiff was being properly detained [from the time of his arrest]").

Furthermore, an arraignment held within forty-eight hours of arrest will generally meet constitutional requirements. *See McLaughlin*, 500 U.S. at 56. However, a person arraigned

5

within this time frame may have suffered a Fourth Amendment violation if his arraignment was unreasonably delayed. *See id.* A delay is considered unreasonable if it is "'motivated by ill will against the arrested individual, or [constitutes] delay for delay's sake.'" *Bernshtein v. City of New York*, No. 8 Civ. 2906, 2010 WL 2541617, at *1 (S.D.N.Y. June 22, 2010) (quoting *McLaughlin*, 500 U.S. at 56).

Plaintiff was detained for less than forty-eight hours, making his detention presumptively reasonable. *See McLaughlin*, 500 U.S. at 56. Furthermore, other than Plaintiff's conclusory allegations, nothing supports his claim that his arraignment was "delayed unreasonably." *Id.* For example, Plaintiff states that Defendant forged a state court judge's name and changed the date of his arraignment to "cover up, unreasonable delay - delay for delay['s] sake that was really motived by ill-will." Dkt. No. 41 at 12–13.[1] It appears that Plaintiff alleges the unreasonable delay was motivated by malice because "if the plaintiff would have worked with the defendant Perry Golden, setting people up, by buying drugs from them . . . Plaintiff Robert Rainey would not have been subjected to the . . . unreasonable delay motivated [by] ill-will . . . ." *Id.* at 18. In spite of Plaintiff's conclusory allegations, Plaintiff was arrested on May 2, 2019 at around 9:00 am, and was arraigned the morning of May 3, 2019. *See* Dkt. Nos. 38-6, 38-7, 38-8, 38-9, 38-10, 38-11. Plaintiff was detained for only approximately twenty-four hours, and after a sealed indictment had already been issued. Moreover, Plaintiff has failed to direct the Court to any specific facts that Defendant himself delayed Plaintiff's arraignment due to ill-will or malice. *See, e.g.*, *Jones v. King*, No. 10-Civ.-0897, 2011 WL 4484360, *7 (S.D.N.Y. Sept. 28, 2011) (dismissing claim of excessive pre-arraignment detention against arresting officers because plaintiff failed to allege

---

[1] Citations to page numbers for Plaintiff's response in opposition to Defendant's motion to dismiss refer to the pagination generated by CM/ECF.

facts supporting the defendants' personal involvement in delaying the plaintiff's detention). Therefore, reading the amended complaint in a light most favorable to Plaintiff, his conclusory allegations still fail to defeat Defendant's motion to dismiss.

## C. Leave to Amend

Although a district court should generally "not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 Fed. Appx. 603, 604 (2d Cir. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). In the present matter, amendment would be futile as it does not appear that Plaintiff has any viable federal claims that he could assert by amending his complaint for a second time. *See Cuoco*, 222 F.3d at 112 (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[ ] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and that [he] should therefore be given a chance to reframe"). Therefore, the Court dismisses Plaintiff's claims with prejudice.[2]

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

---

[2] Furthermore, to the extent that Plaintiff's opposition papers seek additional various forms of relief or attempt to levy new claims, the Court finds that Plaintiff has not properly presented these items to the Court, and they are similarly dismissed.

7

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 3, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge